### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**ALAN CARTER, JOE TAMS, GEORGE
THOMSEN,**

                **Plaintiffs,**

**-vs-**                                         **Case No.  2:10-cv-34-FtM-29DNF**

**LIQUID CHASE, INC. a Delaware
Corporation, DOUGLAS KEYSER,
individually, JOHN STEWART,
individually,**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This action was brought pursuant to the Fair Labor Standards Act, as amended, 28 U.S.C. §216(b).  On January 11, 2011, the Court entered an Order (Doc. 26) which granted Attorney Robert Blanchfield's Unopposed Motion for Leave to Withdraw as Counsel.  Mr. Blanchfield withdrew as counsel for the Defendants, Liquid Chase, Inc., Douglas Keyser, and John Stewart.  The Court required Mr. Keyser to notify the Court within twenty-one (21) days from the date of the Order as to whether he was retaining new counsel or would be proceeding *pro se* which is without benefit of counsel. Mr. Keyser failed to respond to the Order (Doc. 26).

      In the Order (Doc. 26), the Court required Liquid Chase, Inc. to retain new counsel and have new counsel file a notice of appearance within twenty-one (21) days from the date of the Order.  The Court informed Liquid Chase, Inc, that pursuant to 28 U.S.C. §1654, a party may appear and conduct

their own cases personally.  However, a lay person is not permitted to represent any other person or entity.  *United States of America v. Blake Medical Center*, 2003 WL 21004734, *1 (M.D. Fla. 2003). Non-natural persons or artificial entities such as corporations, partnerships, and associations, may appear in federal court only through licensed counsel.  *Id*., (citing, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993)), see also, Local Rule 2.03(e).  Therefore, Liquid Chase, Inc. was required to retain counsel to represent it.  Liquid Chase, Inc. failed to respond to the Order (Doc. 26).

On February 16, 2011, the Court entered an Order to Show Cause (Doc. 29) which required Douglas Keyser and Liquid Chase, Inc. to show good cause why defaults should not be entered against them for failing to comply with the Order (Doc. 26) entered on January 11, 2011.  Neither Douglas Keyser nor Liquid Chase, Inc. responded to the Order to Show Cause.

**THEREFORE, IT IS RESPECTFULLY RECOMMENDED:**

That defaults be entered against Douglas Keyser and Liquid Chase, Inc. for failing to respond to the Orders of January 11, 2011, and February 16, 2011.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this   18th   day of March, 2011.

_____

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record